NANCY MUTO *vs.* JOSEPH A. DESLAURIERS.

Hampden.    September 19, 1935. — November 13, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil*, Appellate Division: report, appeal;  Findings by judge.
   *Frauds, Statute of.*

On a report by a district court judge, made at the plaintiff's request and not stating that the judge found for the defendant, with a docket entry showing that there had been an order for judgment, it was assumed that there had been a finding and order for judgment for the defendant.

The right of the plaintiff in an action in a district court to recover as matter of law could be reviewed upon a report by the trial judge which, though showing that the plaintiff did not make any requests

for rulings of law, stated facts raising that question of law and rulings adverse to the plaintiff made at the request of the defendant.

An oral promise that if the promisor did not become a tenant in a building of the promisee, he would pay for changes to be made by the promisee in the building, was not within the statute of frauds.

CONTRACT. Writ in the District Court of Chicopee dated December 1, 1933.

The action was heard in the District Court by *Kirby*, J.

The case was submitted on briefs.

*J. B. Shea*, for the plaintiff.

*W. A. Shea*, for the defendant.

PIERCE, J. This is an appeal from an order of the Appellate Division for the Western District dismissing a report requested by the plaintiff after a trial in the District Court of an action of contract to recover the cost of certain alterations made for the benefit of the defendant in a building owned by the plaintiff. The answer of the defendant was a general denial, statute of frauds, fraudulent representation as to the space to be occupied and failure on the part of the plaintiff to have the premises ready upon the date fixed for occupancy.

The report prepared by the trial judge contains all the material facts and rulings of law as follows: "Sometime in September, 1933, one Louis Taloumis acting as agent for the plaintiff was engaged in erecting a building upon her land in Chicopee Falls. The second floor of the building was devoted to offices. The defendant was a practising dentist having an office in Chicopee Falls. He was approached by Taloumis, the architect and the general contractor and after some conversation he agreed to occupy rooms in the building beginning November 1 following at a rental of $33.75 per month. Taloumis agreed to have certain changes made in the building. These consisted of taking some space out of another room, making two rooms, installing plumbing and making other important changes. On November 1, the day when the rent was to begin these changes had been made at an expense to the plaintiff of $881.61, which was a reasonable sum. The work was to be done to the reasonable satisfaction of the defendant, and

while Deslauriers complained at the trial that there was some discrepancy I nevertheless find that the plaintiff had performed her part of the contract. At the time of the conversation above set forth regarding the letting Taloumis said that the changes were going to cost quite a lot of money and that he should have a lease. The defendant replied that his word was as good as his bond and that if he did not occupy the premises he would pay for the changes. Sometime prior to the first of November the general contractor gave to the defendant the keys to these offices. Along about the middle of November the defendant telephoned to Taloumis saying that he could not move in right away and asking a postponement to the fifteenth of November to which Taloumis agreed. Towards the latter part of the month the defendant again telephoned Taloumis requesting a postponement to the first of December, but Taloumis refused to agree to this. Thereafter Deslauriers returned the keys to Taloumis by mail. The defendant never occupied the premises and never paid any rent. The defendant duly filed the following requests for rulings — *First*, as a matter of law, an oral agreement to construct or alter a building suitable for occupancy, coupled with an agreement to lease, is a dependent agreement and cannot be severed from the agreement to lease. *Second*, an oral agreement to lease an office, not being in writing as required by G. L. c. 259, § 1, is not binding and falls, and all dependent stipulations fall with it. Under the first request I rule that the contract was an entire contract and under the second request I rule that the contract was within the statute of frauds and is not enforceable. It will be observed that the contract contained nothing as to the length of the term and if the defendant had occupied under the contract without more he would be merely a tenant at will. If the giving of the keys by the contractor and the acceptance of them by the defendant were to be construed as evidence of the intention to occupy and an actual occupation thereunder it would seem that the defendant had occupied the premises and had complied with the terms of the contract and that any action against him would be one for use and occupation.

The plaintiff made no request for rulings. The plaintiff claims to be aggrieved by the rulings of law and order for judgment of the court and the case is hereby reported to the Appellate Division for determination."

The report does not disclose a finding in terms for the defendant, but the docket shows an order for judgment, the plaintiff's request for a report, and the establishment and filing of the report. These facts warrant the inference of a finding and order of judgment for the defendant, and we assume, as did the Appellate Division, that such an order was made. Because the plaintiff made no request for rulings the defendant contends that the plaintiff did not put herself in a position to ask for a report touching her right to recover or to assail the finding for the defendant. The case is properly here because the right of the plaintiff to recover was necessarily involved and called for a decision without any special request for rulings and because the rulings adverse to the plaintiff given at the request of the defendant were reported and one of them at least was erroneous.

The trial judge rightly concluded that there was an agreement on the part of the defendant to pay for the proposed alterations if he did not occupy the premises. The Appellate Division erred in assuming that the trial judge concluded that the alleged agreement was merely preliminary talk upon which neither party relied. The agreement should have been found by the trial judge to be an alternative contract, in terms, "if he did not occupy the premises he would pay for the changes." This alternative agreement requiring a money payment was not within the statute of frauds and is an enforceable contract. *Eaton* v. *Simcovitz*, 239 Mass. 569, 570, 571, and cases cited. Am. Law Inst. Restatement: Contracts, § 344, subparagraph 4. See also § 325, subparagraph *d*. The order of the Appellate Division is reversed and judgment is to be entered for the plaintiff in the sum of $881.61, with interest from the date of the writ.

*So ordered.*