*Western District*
# 180308

## DAVID VARISCO

v.

## ROBERT L. MALOVIN

Argued: May 16, 1967  Decided: August 21, 1967

*Present:* Garvey, P.J., Moore, Levine, J.J.

Tried to: *Walsh, J.*, in the District Court of Springfield. #180308

*Garvey, P.J.* In this motor tort action there was a finding for the plaintiff on a count for personal injuries and on a count for property damage. The defendant requested a report. The issues presented are the identity and negligence of the defendant.

The evidence shows that the plaintiff, who was the only witness, on the afternoon of October 31, 1963 was operating his motor vehicle in heavy traffic southerly on Riverdale Road, a four lane highway in West Springfield, Massachusetts. As he approached a parking lot on his right he observed a motor vehicle enter the highway and brought his car to a stop because he thought a second car was also going to enter the highway. While stopped his car was hit in the rear.

The report then states: "(T)hat they pulled the cars over to the side of the road but before that, he talked with the defendant, Mr. Malovin, who showed him his license and registration". "(T)hat he knew that the car behind him had been struck in the rear by a third car as it had been told to him by the defendant; that he did observe that there was a third car there but it was not against the second car". Nothing else appears in the report as to the defendant's identity.

The trial judge in his special finding of facts, on the issue of identity, said:

"After pulling over to the side of the road, the plaintiff had a conversation with the operator of the defendant vehicle who identified himself as Robert L. Malovin. Mr. Malovin showed the plaintiff his license and registration.

"I find that the operator of the defendant vehicle was Robert L. Malovin, the defendant in this case.

"I find the defendant was negligent and that the plaintiff was not contributorily negligent".

In our opinion the reported evidence did not warrant a finding that the "Robert L. Malovin" named in the writ as defendant was the operator or owner of the motor vehicle that collided with the plaintiff's motor vehicle.

The burden of proving the identity of a defendant is on the plaintiff, and a "defendant is under no obligation to be present in court or to introduce evidence until the plaintiff has shown enough to require it". *Hinds* v. *Bowen,* 268 Mass. 55, 59. *Decoteau* v. *Truedson,* 339 Mass. 759, 762.

"Bald identity of name without confirmatory facts or circumstances" *Herman* v. *Fine,* 314 Mass. 67, 68, or "similarity of name is not sufficient to warrant a finding of identity". *Hinds* v. *Bowen,* 268 Mass. 55, 58.

The "very slight evidence" of identity is missing in the present case. See *Ryan* v. *Di-Paolo,* 313 Mass. 492. *Brockton Hospital* v.

*Cooper,* 345 Mass. 616. *Horton* v. *Marston,* 352 Mass. 322. *Nugent* v. *Popular Markets Inc.,* 353 Mass. 45.

In *Lodge* v. *Rogavey,* 340 Mass. 570, evidence that the operator of a taxicab at the scene of an accident — the same as the defendant named in the writ, gave his name and a West Newton address, was held to be insufficient to establish identity. The evidence in the case under consideration was not as strong. Here the address of the defendant was not given. See also *Atlas* v. *Silsbury-Gamble Motors Co.,* 278 Mass. 279, 282.

It was error to deny the defendant's request that the evidence was "insufficient to warrant the court in finding that the defendant was the person who owned or operated the motor vehicle involved in the accident with the plaintiff." We need not decide if there was sufficient evidence to show negligence.

The finding for the plaintiff is to be vacated and **judgment ordered for the defendant.**

EDWARD J. BARRY

of Springfield for the Plaintiff.

DAVID J. GIARD, JR.

of Holyoke for the Defendant.