*Northern District*

No. 7053.

## JOSEPH DOHERTY ET AL

v.

## SERVEND, INC. ET AL

Argued: May 21, 1969.   Decided: Aug. 25, 1969.

*Present*: Brooks, P.J., Connolly, Yesley, J.J.

Case tried to *Bacigalupo, J.* in the Fourth District of Eastern Middlesex No. 1721 of 1968 RC No. 2086.

*Connolly, J. This action of tort for negligence, or contract for breach of warranty,* involves foreign substances in food eaten by the plaintiffs. They allege the foreign substances made it unfit for consumption and that as a result of eating it, they became ill.

The trial judge found for the plaintiffs.

Quoting from the report:

> "The defendant, Servend Incorporated, claims to be aggrieved by the Decision, Findings and Rulings of the Trial Justice that there was a physical illness and injury induced solely by the eating of worms and contaminated food, and says that such finding was not warranted by the evidence most favorable to the plaintiffs."

The defendant seasonably filed five requests for rulings of law.

Two of the requests, those numbered 3 and 4 applied to counts in the declaration that were waived, and need not be considered.

The three remaining requests are as follows:

(1) The plaintiff, *Joseph Doherty,* is not

entitled to recover damages as against the defendant, Servend, Incorporated, in the tort counts of the declaration for physical illness resulting solely from the severe emotional shock suffered by him when he saw a worm in the chop suey and realized what he had eaten. (See: *Sullivan* v. *H. P. Hood & Sons, Inc.,* 341 Mass. 216).

(2) The plaintiff, Leonard Collibee, is not entitled to recover damages as against the defendant, Servend, Incorporated, in the tort counts of the declaration for physical illness resulting from the severe emotional shock suffered by him when he saw a worm in the chop suey and realized what he had eaten. (See: *Sullivan* v. *H. P. Hood & Sons, Inc.,* 341 Mass. 216).

(5) The plaintiffs are entiled to recover nominal damages only against the vendor for breach of implied warranty of merchantability, and then only if the plaintiffs establish by a fair preponderance of the evidence that they have given the vendor reasonable notice of the alleged breach of warranty in accordance with the provisions of Massachusetts General Laws, Chapter 108.

The trial judge made certain findings and rulings incorporated in a memorandum entitled, "Decision, Findings and Rulings", which in part stated:

"I find that introduction of the food and

worms into the body of each plaintiff constituted an injury to his system from without, that the food was not fit for consumption, that reasonable notice of the unfitness of the food was given to the defendants by each of the plaintiffs, that the defendant in the exercise of reasonable care should have known that the food was unfit and contained worms, that the subsequent illness suffered by each of the plaintiffs was not emotional or psychological in nature within the doctrine of *Sullivan* v. *H. P. Hood and Sons.*, 341 Mass. 216, but was a physical illness and injury induced solely by the eating of worms and contaminated food.''

The trial judge disposed of the defendant's requests for rulings as follows:

''No. 1 and 2 allowed as abstract principles of law, but inconsistent with and inapplicable to my specific findings of fact.''

No. 5 same as 1 and 2.

It is obvious that the requests of the defendant are based on facts which are not the facts found by the trial judge. The requests were allowed as correct principles of law and do not afford the defendant a basis for appeal.

There was no request by the defendant for a ruling whether any finding was warranted by the evidence, and it is settled that a party cannot raise such a question by an exception to the general finding or decision after it is made. *Looby* v. *Looby,* 303 Mass. 391.

■   We recognize the principle "that where the basis for the general finding or decision is not in dispute, an exception to or a request for a report from the general finding or decision, suffices to raise the question of law whether it was warranted". *Barton* v. *Cambridge,* 318 Mass. 420, 424.

■   If we felt it applied in this case, which we do not, we would still be obliged to dismiss the report because it is fatally defective in that it does not include a statement to the effect that it contains all the material evidence in the case. *Irving* v. *Bonjorno,* 327 Mass. 516.

*The report does not demonstrate prejudicial error. The report is dismissed.*

JAMES A. BRESCIA
   for the plaintiff
JOHN F. FINERTY
   for the defendant.

■

*Western District*