*Northern District*

A.D. No. 7521.

RUTH HURLBURT, Et Al.

*v.*

JEREMIAH J. FALVEY

Argued: Apr. 29, 1971 - Decided Mar. 30, 1972

*Present:* Parker, P.J., Cowdrey, Mason, JJ.

Case tried to *Troy, J.,* in the Municipal Court of the Dorchester District No. 16391.

**Cowdrey, J.** *This is an action of tort* for damages sustained as a result of a motor vehicle accident in which the trial justice found for the plaintiffs.

The issue presented by this appeal is solely a question of the identity of the defendant.

It does not appear from the report the nature of service on the defendant but we have determined from the pleadings that service was made on the Registrar of Motor Vehicles in accordance with Mass. G.L. c. 90, § 3.* An answer in the form of a general denial was filed by counsel on behalf of the defendant. The defendant did not appear at the trial.

In *Herman* v. *Fine,* 314 Mass. 67 at 69 it was said "The defendants general denial made it incumbent upon the plaintiff to prove every element in the case including the fact that the defendant was the person against whom he had a judgment. Although very slight evidence might have been enough, at least something more than identity of names was necessary."

In *Hinds* v. *Bowen,* 268 Mass. 55 at 59, citing *Bishop* v. *Pastorelli,* 240 Mass. 104, it was said

---

* The original papers disclose that notice by registered mail was sent to the defendant at the address stated in his 1965 registration and another letter was sent to him at his address as set forth in his 1966 registration.

"The defendant was under no obligation to be present in court or to introduce evidence until the plaintiff had shown enough to require it. No inference can be drawn against her from her absence".

We think that from the evidence reported and the reasonable inferences which the trial justice apparently drew, that the identity of the defendant was sufficiently established to justify his denial of all of the defendant's requests for rulings which are as follows:

1. The evidence does not warrant a finding that the defendant's motor vehicle was involved in the alleged accident.

2. There is no evidence that the named defendant was involved in the alleged accident.

3. The evidence does not warrant a finding for any of the plaintiffs because there is no evidence that the defendant's motor vehicle or the named defendant was involved in the alleged accident.

We now quote the evidence as contained in the report. The plaintiff, Hurlburt, was the operator of a motor vehicle in which two passengers were riding, travelling "on the right side of the median strip dividing the highway, when another vehicle, travelling in the opposite direction on her side of the highway came into collision with her car resulting in personal injuries to the plaintiff operator, who was a minor, and her two passengers and causing property damage to both vehicles.

The occupants of the Hurlburt vehicle were all stunned, sat at the side of the road and were taken to the hospital in MDC police vehicles. Plaintiff Hurlburt said she did not see the operator of the other car at the scene of the accident, but did see him a short time later in the Accident Room at the hospital while she was awaiting treatment. Plaintiff Hurlburt also testified that she testified as a witness at a criminal trial arising out of the accident, and the defendant's name in that criminal action was Jeremiah J. Falvey. He was the same man she had seen at the hospital after the accident''.

A police officer ''testified that he was on duty on the night of April 24, 1965, in a cruiser and was dispatched to the scene of the accident on Morton Street, Jamaica Plain. He said he interviewed plaintiff Hurlburt and obtained her license and registration at the scene, but was unable to interview Falvey at the scene because of his injuries, but took him to the Faulkner Hospital and obtained his license and registration from him there. A photograph of the other vehicle involved in the accident, taken at the scene, was introduced into evidence; it had registration plates U68-614''. The officer ''identified that car from the photograph, and said the registration plate number of the vehicle was the same as the number on the registration issued by the Registry of Motor Vehicles to Jeremiah J. Falvey who had given it to him in the hospital''.

Another police officer "testified that as a result of his investigation of the accident he instituted a "Driving So As To Endanger" complaint against Jeremiah J. Falvey in the West Roxbury District Court, in connection with which plaintiff Hurlburt appeared in answer to a subpoena and testified as a witness. He said that Falvey told him that on the night of April 24, 1965, as he came around a traffic circle he became confused and went up Morton Street on the wrong side of the median strip dividing the highway. The defendant in that criminal action, Falvey, was found guilty, but he has not seen said Falvey since the criminal trial."

It is apparent that the individual who was taken to the Faulkner Hospital was the operator of the vehicle in collision with the plaintiff's vehicle. When he surrendered his license and registration to the investigating officer, it could be presumed that such person was acting honestly and was complying with the statutes governing the issuances of licenses and the duty to give his name and residence as one involved in a collision as required by Mass. G.L. c. 90, §§ 2 and 8; *Pierce* v. *Tiernan*, 280 Mass. 180.

We think that this presumption, coupled with the inferences which could reasonably be drawn from the reported evidence supplied the necessary additional information, however slight, to identify the defendant as the operator of the motor vehicle involved in the collision with the plaintiff.

There being no prejudicial error in the denial of the defendant's requests for rulings, **the report is dismissed.**

JOHN F. DARGIN
    for the plaintiff
DAVID W. KELLEY
    for the defendant.