*Northern District*

No. 8095

**GORDON R. NEISSER**

v.

**ROBERT E. SCHMIDT**

Argued: Nov. 29, 1973   Decided: Jan. 30, 1974

Case tried to *Forte, J.,* in the District Court of Central Middlesex. Docket number: 26468.

*Present:* Cowdrey, P.J., Bacigalupo, Flynn, JJ.

**Bacigalupo, J.** This is an action in tort to recover damages for personal injury and property damage resulting from a motor vehicle accident. The defendant pleaded a general denial and other defenses not material to the issue before us.

The trial court found for the defendant.

At the close of the evidence, the plaintiff seasonably filed seven requests for rulings, five of which were denied as requiring findings of fact, one of which was allowed and one of

which was "allowed insofar as the evidence warrants a finding that the operator of the other vehicle was negligent."

The defendant also seasonably filed five requests for rulings, three of which were denied and two of which were allowed.

Defendant's request number four which was allowed by the court and the allowance of which is the only question raised by the report is as follows:

> "4. The evidence does not warrant a finding that the plaintiff had identified the defendant as the other person involved in the accident."

In their briefs and oral arguments, the parties were in agreement that the single issue before this Division is whether there was sufficient evidence of the identity of the defendant to warrant a finding for the plaintiff.

The only evidence with respect to the identity of the defendant was, as follows:

"The plaintiff, Gordon R. Neisser, was the owner and operator of a motor vehicle involved in a collision with a motor vehicle alleged by the plaintiff to be owned and operated by one Robert E. Schmidt. . . . . Following the collision, the plaintiff went to the other vehicle and tried to assist the other operator who was bleeding around the face. Shortly after the accident, Officer Ralph Thileen of the Concord Police Department arrived at the scene and

took information from both the plaintiff and the other operator about the accident. Thereafter both the plaintiff and the other operator were transported together to the Emerson Hospital.

The plaintiff further testified, during the first of three days of testimony, that the operator of the other vehicle was present in the courtroom.

Officer Thileen had no present memory of the accident but that he did make a report which was correct when he made it. He then identified his report which was introduced as Exhibit #1 as past recollection recorded, excluding the registered owner's name and registration number. Exhibit #1 indicates the operator of the other motor vehicle was a Robert E. Schmidt of 49 Paul Revere Road, Concord, Massachusetts.

The defendant did not testify during the trial of this action.''

The case comes before us in a somewhat unusual manner because the plaintiff claims to be aggrieved not by the action taken by the court, with respect to his own requests for rulings but rather by the court's allowance of defendant's request for ruling number four.

██. In the usual case where a finding is made for a party, the court does not act on requests for rulings filed by that party but treats them as waived and the other party has

no complaint. *Brantley* v. *Curtis Automatic Transmission Co., Inc.,* 36 Mass. App. Decs. 9. *Bangs* v. *Farr,* 209 Mass. 339, 344.

There is authority for the proposition that where the trial justice has made no findings of subsidiary facts, the losing party, having failed to file requests for rulings of law, is not entitled to a report because of the allowance of the requests for rulings made by the prevailing party. *Brantley* v. *Curtis Automatic Transmission Co., Inc.,* 36 Mass. App. Decs. 9. *See also: Chadwick* v. *Desroches,* 333 Mass. 768. *Muir Brothers Co.* v. *Sawyer Construction Co.,* 328 Mass. 413, 414-415. *Bangs* v. *Farr,* 209 Mass. 339, 344.

We deem the posture of the case before us to be somewhat analogous to that of the cases above just cited because, although the plaintiff did file such requests for rulings as he deemed pertinent, he does not complain about their disposition by the court.

However, for the purpose of dealing with the substantive question raised by the report, we shall consider it as falling within the scope of *Muto* v. *Deslauriers,* 292 Mass. 405. *Catalucci* v. *Massachusetts Bay Transportation Authority,* 351 Mass. 360.

We hold that the evidence falls short of establishing the identity of the defendant with that of the person who operated the vehicle involved in the accident with the plaintiff.

■ In this Commonwealth, "bald identity of name, without confirmatory facts or circumstances" seems never to have been considered quite sufficient to prove identity of person. *Varisco* v. *Malovin*, 38 Mass. App. Dec. 131. *Herman* v. *Fine*, 314 Mass. 67, 68. Here, such confirmatory facts or circumstances are missing. The fact that the plaintiff testified "that the operator of the other vehicle was present in the courtroom" did not, without more, establish that the defendant before the court was that operator. *Lodge* v. *Congress Taxi Association, Inc.*, 340 Mass. 570. *Deutsch* v. *Ormsby*, 354 Mass. 485. The person identified by the plaintiff might well have been the operator of the other car but not the defendant before the court.

■ The plaintiff relies on cases such as *Ryan* v. *DiPaolo*, 313 Mass. 492, 494, 495; *Hurlburt* v. *Falvey*, 48 Mass. App. Dec. 53. An examination of these cases shows that they are clearly distinguishable in that in these cases there was evidence of facts and circumstances with respect to the identity of the defendant which go beyond those in the case at bar.

In his brief, the plaintiff argues matters which do not appear in the report of the evidence such as the address at which service of process was made and the observations of the defendant made by the plaintiff at the scene of the accident.

There is nothing in the reported evidence to indicate the address at which service of process was made, nor is there anything in the reported evidence to indicate that the plaintiff made any observations of the defendant at the scene of the accident.

We are precluded from considering statements of evidence that are referred to in briefs or oral arguments but which are not a part of the evidence set forth in the report. *Silva, Adm.* v. *Pereira,* 1973 Mass. App. Adv. Sheets 439, *Sarkesian* v. *Cedric Chase Photographic Laboratories,* 324 Mass. 620, 623. *See also: Pettinella* v. *Worcester,* 39 Mass. App. Dec. 7, 9.

Even if we were to determine from the pleadings the nature, place and form of service made on the defendant as was done in *Hurlburt* v. *Falvey,* Northern District, Appellate Division Number 7521, the case at bar is barren of other facts, circumstances, and evidence with respect to the identity of the defendant which appear in the reported evidence in the *Hurlburt* case.

In essence all of the evidence that we have here is a report of a Police Officer to the effect that the operator of a vehicle involved in the accident bore a certain name and lived at a certain address and testimony of the plaintiff that the operator of the other vehicle was present in the courtroom during the first of three days of the trial.

There is a total absence of evidence in the report indicating that the person in the courtroom, and identified by the plaintiff, as being the operator of the other car, was the same person who gave the information to the police officer, or that the named defendant was that person, or of any other facts or circumstances tending to establish the identity of the defendant.

The defendant by his plea of general denial, made it incumbent on the plaintiff to prove every essential element of his case including the fact that the defendant, before the court, was the operator of the other vehicle involved in the accident. *Herman* v. *Fine*, 314 Mass. 67, 69. *See also: DeCoteau* v. *Truedsson*, 339 Mass. 759, 762. He failed to do so. There was no error. *The report is dismissed.*

LEONARD E. RAE, of Concord
   for the plaintiff
JAMES D. CASEY, of Boston
   for the defendant