## Jacqueline L. CERNAK
### vs.
## Dennis M. LABRECQUE & another[1]

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**December 4, 1980**

Lewis A. Whitney, Jr. for the plaintiff.
Charles K. Bergin, Jr. for the defendant.

**OPINION**

MULLANEY, J.

This is an action arising out of damage to the real property of the plaintiff occasioned by intentional acts in the nature of vandalism perpetrated by the defendant, Dennis M. LaBrecque (LaBrecque). In addition to suing LaBrecque the plaintiff also sued Commercial Union Assurance Companies (Commercial), a company which provided the compulsory property damage coverage on the LaBrecque vehicle.

LaBrecque was the owner and operator of the vehicle when it was driven onto plaintiff's hay field and the vandalism resulted in considerable damage. The court found LaBreque's conduct was intentional and plaintiff admits as much in her brief. The court found against LaBrecque but held that the insurer, Commercial, was not liable.

The sole issue is whether LaBrecque's intentional conduct was covered by his Massachusetts compulsory motor vehicle liability property damage policy. The court had denied a request for ruling that "the applicable Massachusetts standard automobile policy does not exclude from property damage coverage acts of vandalism by an insured operator."

General Laws, c. 90, sec. 34 provides in part ". . . the insurer shall pay on behalf of the insured all sums the insured shall become legally obligated to pay as damages because of injury to or destruction of property, . . ., caused by accident . . ." Clause Sixth of G.L. c. 75, sec. 4 provides in part ". . . that no company may be to any person against legal liability for injury, other than bodily injury, if his deliberate or intentional rate or wrong-

doing . . ." Commercial's policy, moreover, defined accident as meaning "an unexpected, unintended event that causes . . . property damage arising out of the ownership, maintenance or use of an auto."

The trial judge in his findings found that the damage caused by LaBrecque to the field of the plaintiff was as the result of an intentional act and thereby not an accident. "If conduct is negligent it cannot also be intentional. Similarly, a finding of intentional conduct precludes a finding that the same conduct was negligent." **Sabatinelli v. Butler,** 363 Mass. 565, 567 (1973).

There was no error in the denial of plaintiff's request for ruling and therefore the report is dismissed.

<div align="right">

Paul V. Mullaney, J.
William T. Walsh, P.J.
Allan McGuane, J.