Banks, J.
This is an action arising in the Salem Division in which the *46 plaintiff-appellant Bernard J. Basch & Sons (hereinafter Basch) seeks to recover $4,710.00 for storage charges for an automobile parked on its lot in which automobile defendant-appellee Travelers Indemnity Company (hereinafter Travelers) had an interest.
The question of storage fees for the automobile in question has been the subject of two separate actions in the trial court; and the determinations of three separate judges form the basis of this appeal.
The basic facts of this matter are uncontroverted. On May 21, 1975, the Winthrop Police Department towed to the Basch storage lot a recovered stolen automobile which was owned by an individual insured against theft by Travelers.
On July 3, 1975, Travelers paid the claim of their assured and acquired title to the automobile. At some point in time during the summer or early fall of 1975, Travelers was informed of the location of the automobile and negotiations began between the parties for the removal of the automobile from the Basch lot. These negotiations came to an impasse over the questions of Basch’s compliance with the notification statute in question, G.L.c. 266, §29A, and the reasonableness of the storage fee demanded. The first of the two actions referred to above was brought by Travelers for recovery of the automobile; and a counterclaim was filed by Basch for storage charges. On December 7, 1977, a finding was entered by Judge Nolan that the notification procedures had been substantially complied with; that the rate of $6.00 per day for storage fees from May 21, 1979 was reasonable; and that damages were to be assessed for Basch for storage fees at the reasonable rate from May 21, 1975 to the judgment date and for towing charges for a total amount of $1,970.00. The court also ruled that:
"... after the plaintiff has satisfied the judgment in favor of the defendant, the plaintiff is entitled to possession of the motor vehicle.”
Thereafter,execution was obtained by Basch on March 1, 1978 and satisfied by Travelers about May 31, 1978. On June 27,1978, the automobile was taken by Travelers from the Basch lot.
The second action between the parties, which forms the basis of this appeal, was brought by Basch for storage fees at the rate of $6.00 per diem from May 3, 1976 (the date before the institution of the first action and, hence, the last date of recovery under that action) up to and including June 27, 1978 (the last day the automobile was on the lot).
In this action, the plaintiff Basch filed a motion for summary judgment including with it, according to the report before this Division, a copy of the findings and judgment in the earlier case and a copy of the execution issued thereon. The defendant Travelers also filed a motion for summary judgment. Both motions were denied by Judge Cratsley on March 22, 1979. After hearing, the trial court per Judge Doyle made a general finding for the defendant, Travelers. Plaintiff Basch subsequently filed a motion for a new trial and a motion for "findings of fact and/or decision,” both of which motions were denied.
The plaintiff has appealed to this Division claiming to be aggrieved by: the denial of its two post-trial motions; the court’s inaction upon the defendant’s requests for rulings of law; the general finding for the defendant; and the denial of the plaintiff s motion for summary judgment.
One of these matters is quickly disposed of. The waiver by the court of action upon an opponent’s requests for rulings (which, in any event, are not included in the record now before us) is not a proper matter for appeal by a losing party who has not filed requests. If not acted upon by the trial court, an opponent’s requests are deemed to have been denied. Ritchie Associates, Inc. v. Cardinal Medeiros, Mass. App. Div. Adv. Sh. (1979) 369, 374.
*47 With regard to what is styled a motion for findings of fact and /or decision, it appears that the plaintiff-appellant is attempting to accomplish retrospectively what ought to have been done through the filing of requests for rulings of law at the time of trial. The plaintiff asked the trial court to “enter subsidiary findings of fact... or a decision stating that the basis of the finding was a question of law stating what that question of law was.” The well-established mechanism for determining whether a trial court is rendering its decision upon fact or upon law and whether such law is correctly applied is the timely filing of requests for rulings of law. Caleb Pierce, Inc. v. Commonwealth, 354 Mass. 306, 311-312 (1968); Perry v. Hanover, 314 Mass. 167 (1943); Lopes v. A. Pontes & Sons Construc., Inc. 1980 Mass. App. Div. 199, 200, and cases cited.
The plaintiffs objection to the court’s general finding, in the absence of properly drawn requests for rulings and subsidiary facts, presents no issue of law for appellate review. Spencer v. Robert Lawrence Inc., 347 Mass. 765 (1964); Muir Bros. Co. v. Sawyer Constr. Co., 328 Mass. 413, 414-415 (1952); Doherty v. Servend, Inc., 41 Mass. App. Dec. 186, 189-190 (1969). Similarly, the plaintiffs appeal from the denial of its motion for a new trial raises only an issue as to a possible abuse of discretion by the trial justice. Fialkow v. DeVoe Motors, Inc., 359 Mass. 569, 576 (1971); Koller v. Duggan, 346 Mass. 270, 273-274 (1963). We discern no such abuse of discretion here.
With regard to the plaintiffs appeal from the denial of its motion for summary judgment, we believe that the matter is properly before us at this time. We do not accept defendant-appellee’s assertion that the plaintiff waived his right of appeal by not appealing immediately from that ruling. The Supreme Judicial Court has made it abundantly clear that interlocutory appeals are not to be entertained, as has this Division. Rollins Environmental Services, Inc. v. Superior Court, 368 Mass. 174, 177-179 (1975)00; Hart v. Keoveney, 1980 Mass. App. Div. 59.
We think it much the better practice, however, for a party aggrieved by the denial of a motion for summary judgment or other interlocutory ruling to claim a report at that time even though the actual appeal will not be processed until after judgment. See generally First East Savings Bank v. Bean, 1982 Mass. App. Div. 301, 301-301. The instant case provides an excellent example of the difficulties that can be created by failure to claim an early report. The report before this Division is not the report of the judge who ruled on the plaintiff s motion for summary judgment; and the single reference in the report to that ruling is a sentence reciting that “Plaintiff s Motion for Summary Judgment properly presented and argued in conjunction with a supporting Affidavit was denied by the Court.” There is no indication of what evidence, if any, was presented to the court at that time other than the pleadings. Although the report recites that the plaintiff proceeded upon affidavit, no affidavit is to be found in the records forwarded to this court or in the plaintiff s supplemental brief. The plaintiff-appellant impliedly admits that there was no affidavit presented.
The issue on a motion for summary judgment is whether the pleadings, depositons, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact which requires a trial on the merits. Dist./Mun. Cts. R. Civ. P., Rule 56. In its answer, the defendant denied many of the allegations of the complaint and called upon the plaintiff to prove the same. Similarly, in its answer to plaintiff s requests for admissions the defendant denied or called for proof of matters material to the case. It cannot be said that on the face of the pleadings alone that the defendant had so answered or admitted to fact so as to entitle the plaintiff to a finding and judgment as a matter of law. The fact that the plaintiff did not prevail at a subsequent trial before another judge, though certainly not conclusive on this *48 point, is some further indication that there was no error in denying the plaintiffs motion for summary judgment and allowing a trial on the merits.
The plaintiff-appellant further argues that its motion for summary judgment should have been allowed since the defendant failed to set forth by affidavit or other documents specific facts showing that there was a genuine issue of fact for trial. The plaintiff relies for this argument upon that portion of Rule 56(e) which relates to the form of the affidavit and other documents which may support a motion for summary judgment. When a motion is so supported as set forth in Rule 56(e), the adverse party may not rest upon mere denials but must respond by way of affidavit or other supporting documents. The defendant-appellee made no such response in this case, but it does appear that such a response was required since the plaintiff apparently filed no affidavit necessitating a response. The other documents filed with the motion are a prior judgment and execution against the appellant and the appellee’s own earlier denials of certain material facts, neither of which are conclusive in this case. Nothing in the papers before this Division would appear to have justified the application ofDist./Mun. Cts. R. Civ. P., Rule 56(e) in this case.
There appearing to be no merit in the plaintiff-appellant’s claim of appeal, the report is hereby dismissed.