Welsh, P.J.
In this civil action, Vindale seeks to recover the balance allegedly due on a mobile home sold and delivered to Cranberry. Cranberry denies the claim and asserts by way of a counterclaim that Vindale owes it for commissions on sales of Vindale’s mobile homes by Cranberry under a dealership contract. Also asserted is a claim of tortious interference with advantageous relations by Vindale with Cranberry’s customers, the ultimate purchasers.
The court awarded damages to Vindale on its complaint in the amount of $6,914.58 with interest and costs. On the counterclaim, the court awarded Cranberry $9,921.00 plus interest and costs.
The evidence adduced at trial tended to show the following: Vindale sold and delivered to Cranberry a mobile home for a price of $21,045. At a meeting shortly after delivery, the parties agreed that the balance due for the mobile home was to be $9,403.50 when Cranberry completed service upon some 15 other units. At the trial, it was agreed that not all of this agreed upon servicing had been *314 completed; Vindale claimed there were three units requiring service, whereas Cranberry conceded that one unit had not been done. Cranberry had been Vindale’s distributor locally when this dispute had arisen, and was required to service units sold as a part of Vindale’s warranty program. The initial agreement between Vindale and Cranberry was that if Cranberry sold a minimum of $500,000. of Vindale’s mobile homes in the year commencing March of 1979 Cranberry would receive a 2 per cent commission. This compensation agreement was later amended by mutual assent so as to provide Cranberry would receive a commission of 3 per cent upon the selling of $1,000,000 worth of mobile homes. The total volume of sales Cranberry achieved from the beginning of March, 1979 through October 19, 1979 amounted to $322,435.00. There was evidence that Vindale closed its New York plant for economic reasons. Cranberry’s evidence was that on October25,1982 [sic], it was informed that no other units would be sold to it. Cranberry sustained losses by virtue of being called upon to service units sold to its customers, which obligations Vindale had failed to fulfill. There was also evidence that Vindale failed to repurchase six sets of wheels at the rate of $500.00 per set in accordance with the agreement of the parties. Finally, there was evidence that Vindale agreed to pay Cranberry a two per cent commission on the sales made up to the termination of the agreement.
Vindale claims to be aggrieved by the allowance of Cranberry’s second request for ruling, as follows;
2. That under Count I of [Cranberry’s] counterclaim, the evidence warrants the finding that [Vindale] breached the contractual obligations to [Cranberry] and as a result of said breach, [Cranberry] is entitled to recover for other losses in the amount of $9,921.00.
Specifically, Vindale contends that the contract, by its terms, required that a specific quota be reached before any commission was earned. Since that quota was not reached, no commission was earned. Vindale also agrues that there is no evidence warranting a finding as to “other losses.”
Cranberry claims to be aggrieved by the court’s refusal to grant the following requested ruling:
1. That under the plaintiff s complaint, the evidence warrants a finding that [Vindale] is not entitled to any monies and that [Vindale] did not fulfill the terms of [its] contract and that judgment should be entered for [Cranberry].
Cranberry contends that insofar as the contract called for the performance of certain specific services by Vindale as a condition precedent and since such services were not performed, no money was due Vindale from Cranberry.
We are of the opinion that the trial judge erred in refusing to allow Cranberry’s requested ruling number one.
1. Stripped of its excess verbiage, the requested ruling poses the question whether a finding for the defendant is warranted, It has long been held that-prejudicial error is deemed to result from the denial of such a request, in the absence of special findings of fact clearly manifesting that refusal to grant such a request was rendered immaterial and therefore non-prejudicial by virtue of such factual determinations adverse to the proponent. Bresnick v. Heath, 292 Mass. 293, 298 (1935); Rummel v. Peters, 314 Mass. 504, 517, 518 (1943). In this case, the trial judge made no special findings of fact. This is not one of those rare cases in which it may properly be ruled that the party having the burden of proof is entitled to prevail as a matter of law.
It follows that the case must be remanded for a new trial.
2. We are also of the opinion that there was error with respect to Cranberry’s *315 second request The question of the sufficiency of evidence to warrant the general finding as to the amount of damages should have been raised at trial by means of an apt request for ruling, [see Reid v. Doherty, 273 Mass. 388, 389 (1930)], or after trial by a motion for a new trial.
We observe that the tenor of the second part of the request, i.e. “is entitled to recover for other losses in the amount of $9,921.00,” is tantamount to request that a finding in Cranberry’s favor in that amount is required as a matter of law. See Mack Financial Corp. v. Malone, 273 Mass. App. Dec. (1978) 250, 252. Since no such finding was required, at least so much of the second request for ruling to the effect that Cranberry is entitled to recover for other losses in the amount of $9,921.00 should have been denied. Ajudge is entitled to deal with a request for ruling as a unit. Memishian v. Phipps, 311 Mass. 521, 523 (1942). If any portion of a single requested ruling is incorrect, the judge is not required to divide it into parts and deal with each part separately. Such a defective or incorrect request may properly be denied. Liberatore v. Framingham, 315 Mass. 538, 543 (1944). The allowance of the second request was error. Although a party who prevails cannot base a claim of error on the allowance of a ruling he requests, the opposing party is entitled to appellate review based upon such action, even though he has not filed such requests. Muto v. DesLauriers, 292 Mass. 405, 408 (1935).
There being prejudicial error with respect to the two rulings, the findings of the court both on the complaint and on the counterclaim are to be vacated. The case is remanded for a new trial.

So ordered.