Aguiar, J.
This is an action in which plaintiff seeks to recover G.L.c. 93A monetary damages allegedly resulting from defendant’s failure to remove goods from plaintiffs commercial real estate after plaintiffs tenant, the owner of the goods, filed for bankruptcy. There is no error in the court’s finding for the defendant.
Therewas evidence tending to showthatplaintiffleased a portion of his commercial real estate to Joseph Serino (hereafter “tenant”) who operated a business, Pembroke Kitchen, upon the site. On July 18,1989, tenant filed for bankruptcy. On that date, defendant held a security interest in goods owned by tenant and located upon the leased premises. Plaintiff demanded that defendant remove the goods from the premises, but defendant refused. Both plaintiff and defendant filed with the bankruptcy court a request for relief from the automatic stay provision provided by 11 U.S.C. § 362. On October4,1989, plaintiff obtained an order from the bankruptcy court relieving him from the automatic stay provisions of the bankruptcy law. On October 16, 1989, he sent a letter to defendant demanding it remove the goods from the premises. On October 30, 1989, defendant was relieved from the automatic stay provisions, and on November 3.1989, the goods were auctioned off by defendant and removed from plaintiffs premises.
Plaintiff alleges that defendant owes him four months rent plus other damages, and seeks relief in a complaint containing a single count for G.L.c. 93A damages. Plaintiff filed thirteen requests for rulings and seeks appellate review of the court’s denial of seven of those requests. However, all seven of the requests imply a finding of fact which the judge is not required to make.[2] These were properly denied, Liberatore v. Framingham, 315 Mass. 538, 543 (1944).
The court also ruled on requests for rulings filed by the defendant. Plaintiff claims error in the court’s allowance of eight of these requests. A review by this division is appropriate because a party may obtain review of the allowance by the court-of the opposing party’s requests for rulings of law. Muto v. Deslauriers, 292 Mass. 405, 408 (1935). Six of the eight requests filed by defendant and allowed by the court were actually requests for findings of fact,[3] and one of the requests was a proper statement of the law concerning the termination of a tenancy at will.
Lastly, plaintiff claims error in the court’s ruling that the automatic stay provisions *78 of the bankruptcy law apply to this case. 11 U.S.C. § 362 provides, among other things, that the stay provisions of the bankruptcy law apply to:
any act to obtain possession of property of the estate or of property from the estate;
anyactto create, perfect, orenforce any lien againstproperty of the estate.
The stay provisions prevented plaintiff from terminating tenant’s right to possession of the real estate prior to the relief from the stay, and also prevented defendant from enforcement of its lien against tenant’s goods prior to the relief from the bankruptcy stay. After relief, defendant acted promptly. There is no error in the court’s finding that defendant committed no unfair or deceptive business practices in its dealings with plaintiff.
Report dismissed.

 An example is, “defendant Rockland Trust did not have and never acquired any lawful right to use or occupy the premises. The defendant never had the plaintiffs consent to use the premises, hut remained in possession of the premises after the plaintiff demanded possession. This constituted, at the very least, a criminal trespass upon the property of the plaintiff, in violation of M.G.L.c. 266, § 120...”

An example is, “Rockland trust acted reasonably and without undue delay in selling the equipmentlocated on the subject premises in whichithad asecurityinterest.”This division does not review the court’s findings of fact.