Welsh, J.
This is a civil action in which the plaintiff seeks damages sustained as a result of a fall in the defendant’s supermarket.
*161 The trial judge found for the plaintiff and awarded damages in the sum of $22,500. Judgment was entered in accord with the finding with interest and costs.
The defendant appeals the judgment, claiming inter alia, that the trial judge committed prejudicial error in denying its motion for involuntary dismissal under Mass. R. Civ. R, Rule 41(b) (2).[1] This motion was offered at the close of the plaintiffs case and was renewed at the conclusion of the entire case.
We determine there was error.
1. At the outset, it is noted that in the judge’s findings, he purported to act upon certain requests for rulings filed by the plaintiff and to deem as “waived” the defendant’s requests for rulings. We regard this as an obvious typographical error. Since the judge found for the plaintiff and against the defendant, we assume that he intended to consider the plaintiff’s requests for rulings as waived and to act upon the defendant’s requests for rulings. Any other construction of his action would be an anomaly. This interpretation of the court’s intent is reasonable in the light of the holding in Muto v. Deslauriers, 292 Mass. 405 (1935), that a party may predicate a claim of aggrievement based upon the trial judge’s action on requests for rulings sought by the prevailing party. Id. at 408. Failure to act on a request for ruling is deemed a denial. Wolfe v. Laundre, 327 Mass. 47, 49 (1951). The customary practice to preclude such a result and foreclose a party's appeal based on the opponent’s request is for the trial judge to state that the prevailing party’s requests for rulings are deemed waved.[2] See Neisser v. Schmidt, 54 Mass. App. Dec. 1, 4-5 (1974); compare Bernard J. Basch & Sons v. Travellers Indemnity Company, 1983 Mass. App. Div. 45, 46 (waiver by court of opposing party’s requests for rulings is not a proper subject of aggrievement on appeal).
2. In reviewing a judge’s action denying a motion for involuntary dismissal under Rule 41(b) (2), Mass. R. Civ. E, tjje test is, “whether in the evidence any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the plaintiff.” Anthony H. v.John G., 415 Mass. 196, 199 (1993). Viewing the evidence in a light most favorable to the defendant, the following might be found by a rational trier of fact.
On November 29, 1992, the plaintiff, between 12:00 and 1:00 p.m., age 55, entered the defendant’s supermarket in Canton for the purpose of shopping for groceries. It was a dry, sunny day. Upon entering the store, she turned left and proceeded to the area where produce was exhibited for sale. She was wearing shoes with a heel about one inch in height. After putting a poinsettia plant into the shopping cart she was using, she began to approach one of the tables where produce was displayed. The floor was composed of tiles. It was even and regular with no evidence of any defect. The vegetables displayed were moist. There was evidence that the store sprayed the produce with water to maintain freshness. As she approached the bin where the tomatoes were displayed, she suddenly slipped and fell forward sustaining injuries to her left leg. The plaintiff did not observe any substance on the floor before her fall. Her left shoe came off as a result of the fall. When she retrieved it she noticed a green vegetable substance on the heel which she described as wet and slimy, about an inch or so in length and dark in color having the appearance of squished lettuce.
There was no evidence which would warrant a finding that any employees of the store were present at the time of the plaintiffs fall, or that the fall took place within *162 the view of store employees. There was evidence that the employees regularly swept the area and recorded their activities in a log. There was no testimony permitting an inference as to how long the substance had been on the floor prior to the plaintiffs fall. While the trial judge was free to reject in whole or in part the employee’s uncontradicted testimony that the area where the fall had occurred had been swept shortly before the accident and was free of any substance that might have caused the fall (See Lenn v. Riche, 33 Mass. 104, 11 [1954]), mere disbelief of such testimony does not permit the trier of fact to infer the contrary conclusion. Kunkel v. Alger, 10 Mass. App. Ct. 76, 86 (1980).
Even if the judge chose to disbelieve the testimony as to when the floor had been cleaned, it would not prove how long the offending substance was on the floor. See O’Leary v. Smith, 255 Mass. 121, 123 (1926).
Directly put, there was no evidence in the record that would permit the trier of fact to infer how the offending vegetable substance came to be on the floor of the defendant’s supermarket, or how long it might have been there prior to the plaintiff’s fall (See Wyman v. McLellan Stores Co., 315 Mass. 117 [1943]), or a showing of some other circumstances which might permit a reasonable inference that the defendant was chargable with notice of the presence of the offending material on the floor in a position creating a hazard to shoppers (See Beach v. S.S. Kresge Co., 302 Mass. 554 [1939]), or that the defendant was afforded a reasonable opportunity to correct the allegedly dangerous condition. See DiAngelo v. United Markets, 319 Mass. 19 (1946). Nor was there evidence from which an inference could be drawn that the produce was displayed in a negligent manner so as to precipitate a fall by patrons of the store caused by the presence of produce on the floor.
The defendant is not an insurer of the safety of its patrons. Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 563 (1955). Where, without actions for which he is responsible, a dangerous condition arises, the law allows the defendant a reasonable opportunity to become informed of the dangerous condition and to take measures to remedy it. The defendant is not liable in such a case unless it is negligent in failing to inform itself and to take appropriate remedial action. White v. Mugar, 280 Mass. 73, 75 (1932); Keenan v. E. M. Loew’s, Inc., 302 Mass. 309, 312 (1939). The defendant owed its patrons a duty to use reasonable care to keep the premises reasonably safe for their use. MacGillivray v. First National Stores, Inc., 326 Mass. 678, 679 (1951). Liability in such cases is usually based upon circumstantial evidence. Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 168 (1973).
As the Oliveri case observes, there is often an unavoidable hairsplitting in those cases involving a fall on vegetable substances. Compare Goddard v. Boston & Maine R.R., 179 Mass. 52 (1901), in which a fall on a banana peel did not afford an inference of liability with Anjou v. Boston Elevated Ry., 208 Mass. 273 (1911), in which the banana peel appeared to be dry, gritty and dirty, flattened down and black in color, having the look of having been trampled over a good deal, permitting the inference it had been there long enough so that the defendant ought to have removed it. Commonly known decay characteristics of a vegetable or animal substance in a place where the employee of the defendant ought to have noticed it seems to be the basis of distinguishing those cases where liability has been permitted to be found from those that fall beyond the pale of permissible inference. Oliveri, supra, at 168, 169.
Measured by this talisman, we conclude there was not a sufficient basis to hold the defendant liable. The fact that the lettuce was set, slimy, squished and dark in color simply does not permit the inference that the lettuce had decayed and had been on the floor for a long enough period to put the store employees on notice of the hazard permitting an opportunity to remove the offending substance. The *163 black appearance alone was not sufficient to establish liability. Uchman v. Polish National Home, Inc., 330 Mass. 563, 565 (1953). Nor is it enough for the plaintiff to show that the substance was squashed, crushed or trampled upon. Balicki v. Stop & Shop Supermarket Company, 1998 Mass. App. Div. 77, 78. See also McBreen v. Collins, 284 Mass. 53 (1911) (black, slimy, flattened-out lemon peel was insufficient evidence to permit inference to charge the proprietor with knowledge of and sufficient time to remove substance.) Id. at 254.
We determine that there was error in the denial of the defendant’s motion for involuntary dismissal agreeable to Rule 41(b) (2), Mass. R Civ. R
It is ordered that the judgment for the plaintiff be vacated and that judgment of dismissal enter.
So ordered.

 The rule requires findings of fact as provided in Rule 52(a) if such a motion is allowed. Since the motion was denied, no special findings of fact are required.

 Of course, requests for rulings on the issue of damages by the prevailing party do not fall within the rule of waiver and must be acted upon. See DiPerrio v. Holden, 341 Mass. 342, 343 (1960).