Crimmins, J.
This is an action in negligence to recover for injuries sustained when plaintiff fell inside defendant’s Sudbury Farms supermarket. At trial the judge found for the plaintiff, Margaret McNelly (hereinafter “McNelly”), and awarded damages. The defendant, Roche Brothers Supermarket, Inc. (hereinafter “Roche Brothers”), appeals the denial of its motion for involuntary dismissal at the close of plaintiff’s case, which was renewed at the close of all the evidence, Mass. R. Civ. R, Rule 41(b) (2), and the denial of certain requests for rulings sought by the defendant.
There was no error.
Because the trial judge did not make any findings of fact our review is limited to whether a finding for the plaintiff can be sustained by any reasonable view of the evidence. Heil v. McCann, 360 Mass. 507, 511 (1971); Fedorowicz v. Shaw’s Supermarkets, Inc., 1998 Mass. App. Div. 160 (Southern District).
In order to prevail, the plaintiff must first show to a fair preponderance of the evidence that there was a dangerous condition or defect on the premises. Lowe v. National Shawmut Bank of Boston, 363 Mass. 74, 77 (1973), and cases cited. Secondly, the dangerous defect must be shown to have been present a sufficient amount of time for the defendant to discover it and correct it. Deagle v. Great Atlantic & Pacific Tea Company, 343 Mass. 263, 265 (1961); Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973). Finally, it must be shown that the dangerous condition or defect was the proximate cause of the plaintiff's injury. In other words, the defendant’s negligence must be a substantial factor in the plaintiff’s injury. Tritsch v. Boston Edison Companies, 363 Mass. 179, 182 (1973).
Viewing the evidence in a light most favorable to the plaintiff, the trier of fact could have reasonably inferred the following:
On January 24,1995 the plaintiff and her sister-in-law were shopping in the Sud-bury Farms supermarket. While reaching for some fruit the plaintiff tripped and *229 fell. Testimony indicated that plaintiff was lying on the rug, the portion of the rug by her head was curled and her shoe was off. There was also some testimony that the rug was “rippled.” Further, from a photo of a similar rug introduced into evidence, it would be reasonable to infer that such a heavy weighted rug would not have rippled from the defendant’s fall alone. It was also reasonable for the trial judge to infer that such a defect must have been present for a period of time. From the evidence presented one could reasonably find that the plaintiff tripped on the rug and that the rug was rippled prior to the plaintiffs fall.
While the testimony of the defendanfs employee was that he inspected the area of the fall earlier in the day and that he did not observe a dangerous condition, the judge was not required to believe his testimony. Lenn v. Riche, 331 Mass. 104, 111 (1954). The evidence supports finding that there was a dangerous condition in the defendanfs store which the defendant knew or should have known about and that this defect was the proximate cause of the plaintiff’s injuries. As such there was no error.
For all of the above reasons, the decision of the trial judge is affirmed and the appeal is dismissed.
So ordered.