CORNELIUS R. SULLIVAN *vs.* NORA F. SULLIVAN & others.

Suffolk. January 3, 1956. — February 2, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Evidence,* Presumptions and burden of proof. *Unsound Mind. Practice, Civil,* Exceptions: saving of exception.

At the trial in the Superior Court of an issue in a contested will case as to the soundness of mind of the alleged testator, the trial judge erred in charging the jury that because there was a presumption of the testator's sanity the burden was on the contestants to prove that he was not of sound mind at the time he executed the purported will.

An exception specifically taken to an erroneous statement as to the burden of proof in a charge to a jury was well taken even though no requests for instructions as to the burden of proof were filed by the excepting party.

PETITION, filed in the Probate Court for the county of Suffolk on November 1, 1954, for proof of the will of Daniel P. O'Sullivan.

A jury issue was tried in the Superior Court before *Dowd,* J.
*Frederick T. Doyle,* (*William J. Doyle* with him,) for the
contestants.

*Donald Stahl,* for the proponent.

COUNIHAN, J.   This is a will contest tried before a jury
upon issues framed in the Probate Court.   The proponent
of the alleged will of Daniel P. O'Sullivan is Cornelius R.
Sullivan, and the contestants are children and heirs at law
of the alleged testator.   The judge submitted only one issue
to the jury, namely, "Was Daniel P. O'Sullivan at the time
of the execution of said alleged will of sound mind?"   The
jury answered, "Yes."   The case comes here upon an ex-
ception of the contestants to that part of the charge to the
jury in which the judge said, "Now, in this case the burden
of proof that he was of unsound mind is against the con-
testants here.   That is on the contestants.   They have said
he wasn't of sound mind.   It is up to them to prove it by
a fair preponderance of the evidence, because there is a pre-
sumption in law that every man or woman of legal age is of
sound mind and mental capacity, and that he is sane, and
that he can do anything he wants with his property, regard-
less of any desire of any person.   He can give his property
away to anybody, a stranger if he desires, if he is [of] sound
mind, and because somebody is desirous is not any reason
for invalidating the soundness of his mind."   At the con-
clusion of the charge counsel for the contestants said to the
judge, "Exception to 'the contestants have the burden of
proof by a preponderance of the evidence that the man was
of unsound mind.'"   We are of opinion that there was error
in that part of the charge to which the exception was taken
and that the exception was properly taken.

It was said in *Santry* v. *France,* 327 Mass. 174, at page 176,
". . . the burden was on the proponent of the will to satisfy
the tribunal of fact by a fair preponderance of the evidence
that the deceased was of sound mind and testamentary
capacity when the instrument was executed.   *Claffey* v.
*Fenelon,* 263 Mass. 427, 430.   *Goddard* v. *Dupree,* 322 Mass.

247.   The presumption of sanity has effect only until evidence of want of capacity appears.   *McLoughlin* v. *Sheehan,* 250 Mass. 132, 137."

The exception to the charge was properly taken even though no requests for instructions were filed.   "It is true that in certain circumstances where there has been an omission to charge adequately, even in the absence of specific requests by counsel, and where attention is properly directed to the omission and it is not remedied, an exception may be sustained if necessary to render substantial justice."   *Donnelly* v. *Larkin,* 327 Mass. 287, 289.   "A judge should instruct the jury fairly, clearly, adequately, and correctly concerning principles that ought to guide and control their action."   *Mahoney* v. *Gooch,* 246 Mass. 567, 571.   The matter of who had the burden of proof might have been an important factor in the minds of the jury in their determination of the answer to the question submitted to them. Failure to instruct the jury correctly on this aspect of the case was error.                                   *Exceptions sustained.*