ALMA DECOTEAU & another *vs.* GOSTA B. TRUEDSSON.

Worcester. November 2, 1959. — December 2, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Evidence*, Presumptions and burden of proof. *Practice, Civil*, Charge to jury. *Motor Vehicle*, Identification.

In an action for personal injuries sustained by the plaintiff when the automobile in which she was riding was struck by another automobile, the burden was on the plaintiff to prove that the other automobile was that of the defendant. [762]

Where, at the trial of an action for personal injuries sustained by two plaintiffs when the automobile in which they were riding was struck by a second automobile, it appeared that the sole issue was whether the second automobile was that of the defendant, that the only evidence on that issue was the plaintiffs' testimony that the second automobile bore a certain registration number admittedly that of an automobile owned by the defendant, that the trial judge failed to instruct the jury clearly and adequately that the plaintiffs had the burden of proof on that issue and did charge them under G. L. c. 231, § 85A, as

to the effect of registration in the defendant's name and the burden on him of proving absence of legal responsibility for the conduct of the operator, and that the defendant, at the conclusion of the charge, pointed out the inadequacy in the charge and requested the judge to state that the burden was upon the plaintiffs "to establish the identity of the car that hit them," there was reversible error on the part of the judge in refusing to amplify his charge substantially as requested by the defendant. [762–763]

TORT. Writ in the Central District Court of Worcester dated November 21, 1955.

Upon removal to the Superior Court, the action was tried before *DiVitto,* J., a District Court judge sitting under statutory authority.

*Stanley B. Milton,* for the defendant.

*Robert V. Mulkern,* for the plaintiffs.

WILLIAMS, J. This is an action of tort by one Alma Decoteau and her minor daughter Carol to recover for personal injuries and in the case of the mother, hereinafter called the plaintiff, for damage to her automobile and consequential damage for medical expenses of her daughter, resulting from a collision of automobiles.

The plaintiff testified that at about two o'clock in the afternoon of December 24, 1954, while standing in the right hand lane on Front Street, Worcester, awaiting a change in the traffic light, her automobile was struck in the rear by another automobile. When the light changed this automobile, a green station wagon, passed on her left and she noticed its registration number to be 839,090. Her daughter, thirteen years of age, who was seated on her right, also observed this number and wrote it on a piece of paper. The plaintiff also testified as to her impression of the appearance of the operator of this automobile and of the woman who was seated beside him on his right. It was conceded by the defendant that 839,090 was the Massachusetts registration number of a Plymouth station wagon owned by him. He testified, however, that he was not on Front Street on the afternoon of December 24, 1954; that he was not involved in any accident on that day; that he left Worcester about 10 A.M. to drive to Stamford, Connecticut;

and that at 2 P.M. he and his automobile were in Connecticut. He presented other evidence in support of his contention that he was not in Worcester at the time of the accident.

The defendant did not question that the evidence was sufficient to warrant a finding that the operator of the automobile which collided with that of the plaintiff was negligent. The sole issue of fact was the identity of the automobile which struck that of the plaintiff. There were verdicts for the plaintiffs.

At the conclusion of the judge's charge the attorney for the defendant said to the judge, "I respectfully point out to the court that the court has not stated that the burden is upon the plaintiff to satisfy the jury by the fair weight of believable, credible evidence that the number, registration number, admittedly the number of the defendant, was actually obtained . . . from the car which was in collision with the plaintiff's. I respectfully request the court to state to the jury that that burden is upon the plaintiffs to establish the identity of the car that hit them, by the registration number, and that if the jury is not satisfied that that registration number was obtained, then the jury need go no further." The judge replied, "I feel that I have given the jury the law on two very important cases and I feel that it covers my instruction on that issue." The attorney then said, "I respectfully except to the court's refusal to say to the jury the substance of what I have just stated and, further, that the statute is not to be applied by the jury until they establish the preliminary fact that the number was correctly identified." The judge said, "I feel my instructions on the burden of proof adequately covers that," and the attorney excepted.

In his charge, which is reported in its entirety, the judge defined the meaning of "negligence" and said to the jury: "It is for you to determine if the defendant in his conduct was negligent . . . [and] whether the plaintiff was in the exercise of due care." He stated that it was the defendant's contention "among others" that he was not involved in this accident nor was his car on Front Street at the time of

the accident and that "the plaintiff says . . . 'That is not so. You or your car or both were on Front Street at the time of this accident on December 24, 1954. The registration number taken is the registration number of your vehicle.'" This was the only portion of the charge which related to the issue of identification. The judge quoted from G. L. c. 231, § 85A, ". . . evidence that at the time of such accident or collision . . . [the automobile] was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant," and similar language from § 85B. After discussing these statutes the judge said, "So it is for you, the jury, to determine whether the defendant has sustained the burden of proving that he was not responsible for the control of the motor vehicle and the conduct of the operator at the time of this accident."

The burden was upon the plaintiffs to prove that the colliding automobile was that of the defendant. *Hinds* v. *Bowen,* 268 Mass. 55, 59. The only evidence which would warrant a finding of that fact was the testimony of the two plaintiffs that this automobile bore the registration number 839,090. The decision of the cases depended on the credibility of their testimony. The statutes quoted by the judge were not in point. No issue was raised as to the responsibility of the owner of the colliding automobile for the acts of the person who was operating it and the statements of the judge, that it was for the jury to determine whether the defendant had sustained the burden of proving that he was not responsible for the control of that motor vehicle and the conduct of the operator, may well have confused the jury as to the burden of proof on the main issue of identity. As to this issue he failed to instruct the jury clearly and adequately as to the principles that ought to guide and control their action. *Mahoney* v. *Gooch,* 246 Mass. 567, 571. *Sullivan* v. *Sullivan,* 333 Mass. 512, 514. *Horowitz* v.

*Bokron,* 337 Mass. 739, 746. His failure was brought specifically to his attention (see *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 151), and we think that he erred in refusing to amplify his charge substantially as requested by the defendant.

*Exceptions sustained.*