*Municipal Court of the City of Boston*

No. T-23660

**ANNE J. McANEANY**

v.

**STOP & SHOP, INC.**

Argued: April 30, 1971 - Decided: May 6, 1971.

Gorrasi, Sp. J.

Case tried to DeGuglielmo, J.

**Adlow, C. J.**   Action of tort to recover for injuries suffered by the plaintiff while shopping in the store of the defendant.

**There was evidence at the trial** tending to show that the plaintiff was shopping in the store of the defendant in Leominster on September 13, 1967. While going down one of the aisles in the store she tripped over a cart landing on her face and injuring her knee. The aisle she was walking in was four feet wide; there was a cross aisle about 8 feet wide which entered the aisle on which the defendant was walking. There was a big loading cart in the cross aisle, a part of which cart protruded into the aisle that she was on. A large part of the car was hidden from view by a display counter. The cart had been put in this position by an employee of the defendant who was engaged in unloading merchandise from the cart and placing it in the display counter. The plaintiff lost time from work and incurred medical expense as a result of the accident.

At the close of the evidence the defendant filed requests for rulings which in effect stated

that the evidence required a finding for the defendant. The court refused to so rule and found for the plaintiff. Being aggrieved the defendant brings this report.

■ There was no error. The defendant was not an insurer of the plaintiff. Its duty to persons invited to its store for the purpose of transacting business was to keep the premises in a reasonably safe condition for such person's use according to the invitation or at least to warn them against dangers attendant upon this use which were known or in the exercise of reasonable care ought to have been known to the defendant. *Kelley* v. *Goldberg,* 288 Mass. 79, 82.

■ It appears from the report that the mishap to the plaintiff was caused by the projection of a service truck into the aisle where the plaintiff was walking. Nothing is said with respect to the duration of time that the projection extended into the aisle or as to the length of that part of the truck which projected into the aisle. All that the report tells us is that "the larger portion of the cart was hidden from her view by a display counter." It also states that the cart was put in the position where the plaintiff fell over it by an employee of the defendant.

It could not be ruled as a matter of law that the plaintiff was not in the exercise of due care when she fell over this obstruction. *Ginns* v. *C. T. Sherer Co.,* 219 Mass. 18, 19. There is no evidence as to how much opportunity she had

under the circumstances to see the obstruction. All that we know is that a display counter masked the larger part of the cart which projected into the aisle. The burden of proving the contributory negligence of the plaintiff was on the defendant. G. L. (Ter. Ed.), c. 231, § 85. The question of whether the plaintiff was negligent or the defendant was negligent were questions of fact to be resolved by the court. On the evidence reported these were open questions which might have been resolved either way. Apparently, the court accepted the plaintiff's version.

In reaching this conclusion we distinguish these facts from those in *Mudge* v. *Stop & Shop, Inc.*, 339 Mass. 759, where the plaintiff had seen the obstruction over which she fell at some time prior to the accident. In this case there is nothing to indicate that the customer was aware of the obstruction at any time before the accident.

There was no error. **Report dismissed.**

STEPHEN I. LIPMAN
for the Plaintiff.

CHARLES W. DIXON
for the Defendant.