ALDA MONIZE vs. LEONARD M. FRISOLI, trustee, & another.[1]

Middlesex.    January 13, 1978. — February 15, 1978.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Negligence*, One owning or controlling real estate. *Practice, Civil*, Parties, Appeal.

In a tort action against the owner of a building and the lessee of a store on the street level of the building for injuries sustained by the plaintiff when she fell outside the store, the owner had no standing to appeal from the allowance of a motion for a directed verdict in favor of his codefendant. [51]

Where the jury instruction in a tort action on the issue of proximate cause was adequate there was no error in the judge's failure to give a further instruction on proximate cause requested by the defendant at the conclusion of the charge. [52]

TORT. Writ in the Superior Court dated July 31, 1969.

The action was tried before *Mitchell*, J.

The case was submitted on briefs.

*James B. Dolan* for the defendants.

*Bernard R. Silva, Jr., & Howard J. Alperin* for the plaintiff.

HALE, C.J. This is an action seeking damages for personal injuries allegedly sustained by the plaintiff in a fall over a curb in front of a variety store owned by the defendant Frisoli as trustee of Frisoli Realty Trust (Frisoli) and leased to the defendant Cabral since 1965. At the close of the plaintiff's case the judge directed a verdict in favor of Cabral, and judgment was entered pursuant thereto. The jury returned a verdict for the plaintiff against Frisoli in the amount of $7,500, and judgment

---

[1] Joseph E. Cabral.

was entered accordingly. Both the plaintiff and Frisoli have appealed from the judgment entered on Cabral's motion for a directed verdict. Frisoli has also appealed from the judgment against him, claiming that the instructions given the jury on the issue of causation were inadequate.

There was evidence that Frisoli owned a two-family house with a store at street level in Cambridge. The store was under lease to Cabral, who operated a small variety store. In front of the store there was a raised "hot top" platform, approximately 8½' by 20', surrounded by concrete curbing, all of which comprised the area between the sidewalk and the single step which led to the front door of the store. The curbing was broken in several places. On November 9, 1968, Monize went to Cabral's store to purchase groceries. As she stepped onto the concrete curbing she fell, injuring her right leg and breaking the bones in her right foot. Whether she fell because of stepping on a broken area of the curbing or at a point on the curb where it was not broken was in dispute. There was evidence to the effect that Frisoli, as lessor, was responsible for maintaining the property and approving and effectuating any repairs.

Frisoli's contention that the judge erred in granting Cabral's motion for a directed verdict is not properly before us, as Frisoli did not object to the judge's allowance of the motion. Mass.R.Civ.P. 46, 365 Mass. 811 (1974). *Kando* v. *Dick Weller, Inc.*, 4 Mass. App. Ct. 808 (1976). Furthermore, Frisoli had no standing to appeal from the allowance of the motion in favor of his codefendant. The two defendants were not trying the issue of liability between themselves. See G. L. c. 231B, § 3; G. L. c. 231, § 4B, as in effect prior to St. 1973, c. 494; Mass.R.Civ.P. 14, 365 Mass. 760 (1974); 6 Wright & Miller, Federal Practice and Procedure § 1448 (1971). In the posture of the pleadings, Frisoli was not aggrieved. *Warren* v. *Boston & Me. R.R.*, 163 Mass. 484, 485–486 (1895). *Whalen* v. *Shivek*, 326 Mass. 142, 149 (1950).

On the evidence already summarized, there was a clearcut issue as to the cause of the plaintiff's injuries.[2] It is the duty of the judge to give "full, fair, correct and clear instructions as to the principles of law governing all the essential issues presented, so that the jury may understand their duty and be enabled to perform it intelligently." *Buckley* v. *Frankel*, 262 Mass. 13, 15 (1928). *Sullivan* v. *Sullivan*, 333 Mass. 512, 514 (1956). We have read the charge and conclude that, taken as a whole, it was adequate on the issue of proximate cause. At the conclusion of the charge Frisoli asked for a further instruction on proximate cause. The judge invited him to submit a written request for an instruction on the issue, stating that he would "give any charge on proximate cause that you want me to give." Counsel for Frisoli then stated, "I would define it then that the plaintiff's injuries must be the direct result of any negligence of the defendant." Such a definition would have given the jury no more guidance than they had already received from the judge. Counsel did not further respond to the judge's invitation, other than by stating that he would "stand" on what he had said. We discern no error, nor any basis for Frisoli's present complaint.

The plaintiff informs us that she does not press her appeal in the event that we affirm the judgment against Frisoli.

*Judgments affirmed.*

---

[2] The defendant does not question that a finding of negligence was warranted.