NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-872
24-P-948

CHRISTOPHER CIAMPA

vs.

BRIANA DURHAM & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

These appeals arise from a jury trial to determine liability for a driving accident that resulted in a lower-leg amputation for the plaintiff, Christopher Ciampa.  The jury found only one of the defendants, Briana Durham (Durham), responsible for the plaintiff's injuries; they did not impose liability on the other defendants.  The plaintiff and Durham each filed motions for a new trial, which the trial judge denied; both the plaintiff and Durham appealed, and the appeals were paired for our consideration.  On appeal, the plaintiff maintains that the trial judge improperly foreclosed his ability

---

[1] Jesus Landaverde, Sysco Corporation, and Sysco Boston, LLC.

to question the jury venire on potential bias related to his central theory of liability.  Durham maintains that codefendants' counsel violated the "golden rule" -- asking jurors to put themselves in the position of a party -- through witness questioning and in closing.  Both maintain that the verdict in favor of defendants Jesus Landaverde (Landaverde), Sysco Corporation, and Sysco Boston, LLC (collectively, Sysco defendants), was against the weight of the evidence.  We affirm.[2]

1.  Plaintiff's appeal.  a.  Limitation on attorney-conducted voir dire.  The plaintiff asserts that, during attorney-conducted voir dire, the trial judge improperly foreclosed his questions designed to expose juror bias against his theory of liability.  "We review limitations on attorney-conducted voir dire for an abuse of discretion."  Ross v. Dietrich, 104 Mass. App. Ct. 458, 463 (2024).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  "If there was an abuse of discretion, we review

_____

[2] We acknowledge the amicus curiae letter submitted by the Massachusetts Academy of Trial Attorneys.

2

for whether it prejudiced the plaintiff['s] case.  See G. L. c. 234A, § 74."  Ross, supra, at 464.[3]

Attorney-conducted voir dire is subject to Rule 6 of the Rules of the Superior Court (2017), which mandates that a trial judge "shall, at a minimum, allow the attorneys or parties to ask reasonable follow-up questions" to prospective jurors' responses to the judge or on the written questionnaire.  Rule 6(3)(c).  In addition, "[a]fter considering the goals set forth in paragraph 1 [of the rule], the trial judge should generally approve a reasonable number of questions that . . . may reveal preconceptions or biases relating to . . . the nature of the claims or issues expected to arise" and "inquire into the prospective jurors' willingness and ability to accept and apply pertinent legal principles as instructed."  Id.  Counsel and parties may not ask "[q]uestions framed in terms of how the juror would decide this case (prejudgment), including hypotheticals that are close/specific to the facts of this case" or "[q]uestions that seek to commit juror(s) to a result."  Rule 6(3)(e)(i), (ii).

---

[3] Through a footnote in her brief, Durham seeks to adopt the plaintiff's arguments about jury voir dire.  She may not do so. She did not object at trial to these aspects of the voir dire, nor did she raise this argument in her motion for a new trial. "[I]ssues not raised below cannot be argued for the first time on appeal." Boss v. Leverett, 484 Mass. 553, 563 (2020).

During voir dire, the plaintiff's counsel sought to ask a question about "responsibility" for "waving or signaling" to another driver. The judge interrupted, saying the question was "so close to the case" that he did not want to know the jurors' answers "before they hear the evidence." The plaintiff's lawyer tried to rephrase the question, but the judge ultimately excluded it, saying it was "so fact-intensive, to ask the right question, it could lead to bias." Addressing the jury after the sidebar, the judge further explained his reasoning:

> "I'm trying to strike a balance . . . . We're just determining if you can be fair and impartial jurors, and it's not an opportunity to get into the facts of the case. And so I have determined that the concept of . . . I don't know what the truck driver's actions were. I wasn't there. None of us were. I'm going to wait until you hear the evidence before you're asked any questions about what it means, whether liability can attach, and that type of thing."

The trial judge's nuanced assessment of the proposed voir dire questions was consistent with our law. As this court has recognized, "[i]n the few signaling cases that have been decided by the Massachusetts appellate courts, the courts have left for the jury the interpretation of a hand signal, the reasonable inferences that could be drawn from it, and the determination of the over-all questions of negligence and contributory negligence." Woods v. O'Neil, 54 Mass. App. Ct. 768, 772 (2002). See id. (collecting cases). Although the Woods court

4

was careful to note that most of the cited signaling cases predated the comparative negligence statute and did not address the defendant's negligence, id., that distinction is not germane here; the teaching of Woods is that the jury is responsible for interpreting the hand signal and determining its legal relevance. The judge assiduously preserved that role here, limiting the plaintiff's voir dire question to ensure the jurors would "wait until [they] hear the evidence before [they were] asked any questions about what it means," and "whether liability can attach."

Likening his question to those of a prosecutor asking prospective jurors hypothetical questions about their ability to apply "central legal concepts," the plaintiff maintains that the judge improperly blocked him from exploring whether prospective jurors were biased against his legal theory about signaling. The cases cited by the plaintiff are not particularly instructive. First, they stand only for the proposition that a judge may allow questions, not that a judge must allow them. See, e.g., Commonwealth v. Brown, 490 Mass. 171, 191 (2022) (no abuse of discretion in allowing questions framed to avoid "CSI effect"; questions "were intended to assess whether any of the potential jurors harbored biases that could cause them to reject any case based largely on circumstantial and witness evidence");

5

Commonwealth v. Andrade, 468 Mass. 543, 546-549 (2014) (no abuse of discretion in questioning potential jurors about openness to convicting based on circumstantial evidence; "questions did not skew the jury that ultimately was selected toward conviction"). Second, critically, the questions in those cases previewed standard jury instructions on the use of circumstantial evidence, while the question here sought to determine whether potential jurors were sympathetic to the plaintiff's legal theory. Third, the Supreme Judicial Court has recently held that a prosecutor's question about the "CSI effect," which was framed specifically to the facts of the case, improperly sought to commit the jurors to be predisposed to the Commonwealth's case. See Commonwealth v. Montgomery, 495 Mass. 238, 245-247 (2025).[4]

"A trial judge, who is aware of the facts of a particular case and can observe firsthand the demeanor of each prospective juror, is in the best position to determine what questions are necessary reasonably to ensure that a particular jury can weigh

---

[4] Citing cases from other jurisdictions, the plaintiff urges us to adopt a presumption of prejudice from the denial of "hypothetical questions regarding the central legal concepts applicable to [a] party's theory of the case." "We are of course not bound to follow those cases." Office & Professional Employees Int'l Union, Local 6, AFL-CIO v. Commonwealth Employment Relations Bd., 96 Mass. App. Ct. 764, 770 n.6 (2019). We decline to do so here.

and view the evidence impartially" (citation omitted). Montgomery, 495 Mass. at 244.  The judge did not abuse his broad discretion in excluding the plaintiff's proposed line of questioning.

b.  Verdict against the weight of the evidence.  On a motion for new trial, a trial judge "may set aside a jury verdict and order a new trial if the verdict is against the clear weight of the evidence."  J. Edmund & Co. v. Rosen, 412 Mass. 572, 576 (1992).  A judge assesses "whether the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion."  Meyer v. Wagner, 57 Mass. App. Ct. 494, 504-505 (2003), quoting W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass App. Ct. 744, 748 (1993).  We review the denial of a motion for a new trial for abuse of discretion.  Kuwaiti Danish Computer Co. v. Digital Equip. Corp., 438 Mass. 459, 466-467 (2003).

The plaintiff contends that the evidence of Landaverde's negligence was overwhelming and that the jury's finding of no negligence for Landaverde (and, by extension, the Sysco defendants) was therefore against the clear weight of the

7

evidence. He asserts, as he did in his motion for a new trial, that "preconceived, but uncovered biases against liability predicated on waving/signaling" must underlie the jury's verdict.

Assessing the "clear weight of the evidence" requires grappling with all the evidence, and the plaintiff fails to address the evidence that weighed on the other side of the scale. The jury heard (among other countervailing evidence) that Durham looked to her right before pulling out, but did not see the plaintiff; that she understood that, "as a driver," it was her "responsibility[] to make sure [the] lane is safe" before entering it; that the responding police officer concluded Landaverde "wasn't involved in the crash"; and that Landaverde was not cited or charged after the accident. "It is the job of the jury, not the judge, to weigh conflicting evidence and to draw reasonable inferences." Meyer, 57 Mass. App. Ct. at 505. Perceiving no error in the jury's performance of that job, we discern no abuse of discretion in the judge's denial of the motion for a new trial.

2. Durham's appeal. a. Standing. Durham did not sue Landaverde or the Sysco defendants. Therefore, Durham's attempt to appeal from the judgment in favor of her codefendants fails for lack of standing. Monize v. Frisoli, 6 Mass. App. Ct. 50,

8

51 (1978).  See also Warren v. Boston & Maine R.R., 163 Mass. 484, 485-486 (1895) (rejecting appeal by one codefendant of directed verdict in favor of other codefendant; "[n]o question of liability of one of these railroad companies to the other was being tried, and no issue of this kind was raised by the pleadings").  Accordingly, we consider only the claims of trial error raised in her brief.

b.  Claims of trial error.  Durham sought a new trial based on purported "golden rule" violations by counsel for Landaverde and the Sysco defendants, which, she contends, were "confounded" by purported errors of law in the jury instructions.[5] Specifically, she first claims error in a question and answer to Brooks ("And you're not telling this jury that they would be cited if they stopped and a vehicle -- and allowed a vehicle to merge into them by signal?"  "Correct").  In light of Durham's

_____

[5] All but one of Durham's assertions that counsel for Landaverde improperly appealed to sympathy and that certain of Lieutenant Brooks's testimony was erroneously admitted opinion evidence are waived because, with one exception, Durham did not object at trial to any of the now-challenged testimony and statements.  See Palmer v. Murphy, 42 Mass. App. Ct. 334, 338–339 (1997).  The single statement by Brooks that was admitted over objection was not his opinion, but rather was a statement made by Landaverde.  Moreover, Durham's arguments on these points consist solely of transcript excerpts without any citation to applicable law.  This does not rise to the level of appellate argument, and we decline to consider it.  See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011); Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

9

objection at trial, we review for prejudicial error, and discern none. As an initial matter, the question is sufficiently opaque that it is unclear that the jury would have understood it to put them in the position of a person involved in the case. Cf. Mass. G. Evid. § 1113(b)(3)(D) (2025) (in closing argument, improper to ask jurors to put themselves in position of anyone involved in case). Even had the jury understood this passing reference, it was just that -- a passing reference -- and no prejudice attached as a result. See Commonwealth v. Hampton, 91 Mass. App. Ct. 852, 855 (2017).

As to the assertion of error based on counsel's statement in closing, we, like the trial judge, do not read it as asking the jurors to put themselves in Landaverde's shoes. The rhetorical device employed ("[n]ever once . . . have we thought"), while perhaps inartful, can be understood when read in context as urging the jurors to apply both their common sense and the applicable law to the evidence. These invocations are consistent with the judge's instructions to the jury, and do not constitute error.

Finally, the judge committed no error by declining to "educate the jury" about the state of law in other jurisdictions. As Durham correctly acknowledges, "[p]arties are entitled to an accurate statement of the law." Alfonso v.

Lowney, 11 Mass. App. Ct. 338, 340 (1981).  The cases cited by Durham in her request for jury instructions, motion for a new trial, and appellate brief are not binding Massachusetts law, so no error arises from a failure to instruct the jury in accordance with them.  The judge's instructions on negligence were correct, and nothing in the instructions prevented the jurors from considering the plaintiff's theory of recovery or Durham's defense.

Judgment affirmed.

Orders denying motions for
   new trial affirmed.

By the Court (Massing, Hand &
   Hershfang, JJ.[6]),

Paul Little

Clerk

Entered:  September 2, 2025.

---

[6] The panelists are listed in order of seniority.

11